

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,066-01

### EX PARTE DANNY RAYMON GONZALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-2169-CR-A-A IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized crime and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary. He says that trial counsel informed him he would serve this six-year sentence concurrently with a federal sentence, and Applicant believed this was part of the plea agreement, but the sentences are not being served concurrently. There is no response from trial counsel or findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *See Ex parte Huerta*, 692

S.W.2d 681 (Tex. Crim. App. 1985); *see also Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim that his plea was involuntary. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pled guilty pursuant to an agreement that this sentence would run concurrently with a federal sentence and whether trial counsel informed him that the sentences would run concurrently. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish